**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

ALEXANDER ZENO, *et. al*., *
*
Plaintiffs, *
*
v. * Civil Action No. 08-CV-02337-AW
*
STATE OF MARYLAND, *et. al*. *
*
Defendants. *

**********************************************************************

**MEMORANDUM OPINION**

Before this Court are Defendant Motor Vehicles Administration's, State of Maryland's, and Velma Shaw's ("Shaw") Motions to Dismiss. (Doc. Nos. 12-14). Also pending, is the Plaintiffs' Motion for Additional Time to Serve Summons, for Amendment of the Caption, and for Voluntary Dismissal. (Doc. No. 18). The Court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the instant motions. The issues have been briefed, and no hearing is deemed necessary. Local Rule 105.6 (D. Md. 2008). The Court has reviewed the Complaint and Amended Complaint and has treated the Motions to Dismiss as challenging the Amended Complaint. For the reasons stated more fully below, Defendant Shaw's Motion to Dismiss is GRANTED. In granting Defendant Shaw's Motion to Dismiss, the Court lacks supplemental jurisdiction over all state claims against the State of Maryland and its officials acting in their official capacity. To the extent that Plaintiffs are asserting any state claims against individual defendants in their individual capacity, the Court declines to exercise its supplemental jurisdiction. Accordingly, Defendant State of Maryland's Motion to Dismiss is GRANTED. In light of the Amended Complaint filed by the Plaintiffs, which does not name the Motor Vehicle Administration as a Defendant, the Defendant Motor Vehicle Administration's Motion to

Dismiss is DENIED AS MOOT. Lastly, Plaintiff's Motion for Additional Time to Serve Summons is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts have been taken from the amended complaint in the light most favorable to the plaintiffs. Plaintiff Zeno and Plaintiff Rivera-Rivera ("Plaintiffs"), husband and wife, moved to Maryland from the Commonwealth of Puerto Rico in August 2006.[1] Between September 8, 2006 and October 2006, Plaintiffs made three visits to the Motor Vehicles Administration ("MVA") in Beltsville, Maryland. During these visits, they were informed of the appropriate documentation needed to obtain a driver's license.

On the fourth visit, Plaintiffs brought their Puerto Rico driver's licenses, translated into English; social security cards; U.S. Passports; a copy of a checking account bank statement from Chevy Chase Bank which included their address;[2] and the lease for their apartment in College Park, Maryland. Zeno additionally had his U.S. District Court for the District of Puerto Rico identification card, and Rivera-Rivera had a pay stub from the University of Maryland. The person at the front desk checked the documents and transferred them to the processing station after finding the documents met the requirements. A Hispanic employee attended to Rivera-Rivera, and she obtained her license.

Dwight Frazier ("Frazier"), an African American employee, attended to Zeno and, according to Zeno, appeared to be bothered by Zeno's request. Frazier asked another employee,

[1] Although there is a P.O. Box for a D.C. Address listed at the conclusion of the Amended Complaint and other pleadings filed by Plaintiffs, Plaintiffs have alleged they are residents of Maryland. (Am. Compl. ¶ 5.) The Court, therefore, determines that the Plaintiffs, as well as the named Defendants, are residents of the state of Maryland, and although Plaintiffs have invoked jurisdiction pursuant to a federal question under 28 U.S.C. § 1331, original jurisdiction under 28 U.S.C. § 1332 for diversity would be lacking.

[2] The Court notes Plaintiffs' inconsistency in describing the document. In the Amended Complaint, they state that this is a copy of a checking account bank statement. (Am. Compl. ¶ 14.) In the original Complaint, they state that this is a copy of a letter from the bank which attached a debit card for their bank account and listed their Maryland address. (Compl. ¶ 15.).

in a loud tone of voice, what to do for out of country license conversions. Zeno told Frazier that the license was not from another country. Frazier did not pay attention to Zeno and told him that the bank statement was not good enough to prove residency, as it did not comply with the informative sheet.[3] Zeno then presented Frazier with his marriage certificate to Rivera from the Commonwealth of Puerto Rico along with its English translation. Zeno stated that if Rivera was a resident of Maryland and could obtain her license, then he should be able to obtain his as well. Another employee approached Frazier and discussed the situation in front of Zeno but did not address him. Zeno asked to be included in the conversation, but was ignored. Frazier then allegedly told Zeno in a disrespectful manner that he could not convert his license. Zeno asked to talk to the manager, and Frazier told him where the office was located. Zeno then went to speak to Shaw, who was the manager on duty.

After Zeno explained the situation to Shaw, she told him that Frazier was correct and that the license could not be converted because the bank statement could not prove residency. Shaw also said that the marriage certificate could not be used to prove residency. Zeno asked her what the basis for the denial was, and she said the denial was based upon an informative sheet. Zeno then told Shaw that the informative sheet was not the law and could not be right. She told him that the informative sheet was in fact based on the law, and in response, Zeno asked what portion of the law they were based upon. Shaw then stated that she knew where, but had to look at it. She also would not allow Zeno to look at it. Zeno then left the facility without a license. He remains without a license to this day.[4]

[3] The informative sheets are issued by the Motor Vehicles Administration and are based upon the Code of Maryland Regulations, Title 11, Subtitle 17, which explains the requirements and sources of identification needed to obtain or convert a driver's license.

[4] The Court notes that Plaintiffs' in their Amended Complaint removed factual allegations of a fifth incident. Plaintiff Zeno returned to the MVA on September 27th with a bank statement — as MVA employees instructed him that was the basis of their previous denial — in addition to the previous documentation. At the first processing station, an MVA employee told Zeno the license was an out of country license. Zeno corrected him, but a second

Plaintiffs filed the complaint on September 8, 2008. (Doc. No. 1). The MVA, State of Maryland, and Defendant Shaw then filed Motions to Dismiss on March 13, 2009. (Doc. Nos. 12-14). Plaintiffs then filed an Amended Complaint on March 23, 2009 (Doc. No. 16), a Response (Doc. No. 17), and a Motion for Additional Time to Serve Summons, for Amendment of Caption, and for Voluntary Dismissal as to all Defendants other than the State of Maryland, Shaw, and Frazier (Doc. No. 18). Thus from the Amended Complaint, it appears that Plaintiffs are no longer pursuing claims against the MVA or the unnamed Defendants. Defendants then filed a Reply on April 3, 2009. (Doc. No. 20).

**STANDARD OF REVIEW**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that "Rule 8 still requires a 'showing,'" of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal

---

MVA employee stated that the license referred to him as Alexander Zeno Varda. The MVA employee told Zeno he needed a name change by court order. The license listed Varda as Zeno's mother's maiden name. Zeno then showed the employee his credit cards and his identification card as a member of the bar for the U.S. District Court for the District of Puerto Rico. The employee, however, informed Zeno that he still needed a court ordered name change.

allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## ANALYSIS

I) **Defendant Velma Shaw's Motion to Dismiss** (Doc. No. 14)

Plaintiffs have brought claims under 42 U.S.C. § 1983 against Shaw and Frazier in their individual capacities only. Plaintiffs argue that they have adequately pled a *prima facie* case of discrimination against Shaw. Shaw contends that Plaintiffs have failed to specifically plead an infringed right or violation under § 1983. Shaw's motion nonetheless suggests, and the Court agrees, that Plaintiffs appear to be asserting an Equal Protection Violation under the 14th Amendment.

Plaintiffs have brought their claim against Shaw under § 1983, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 is not a source of rights, but rather a remedial provision which allows for vindicating other rights. *Albright*, 510 U.S. at 271. Plaintiffs have not specifically alleged what

right, privilege, or immunity they have been deprived by Shaw and Frazier, but have generally alleged deprivations of Constitutional rights.

A violation of the Equal Protection Clause has been recognized as a basis for § 1983 claims as one of the "rights, privileges, or immunities secured by the Constitution." *See Fitzgerald v. Barnstable Sch. Comm.*, 129 S. Ct. 788, 793-94 (2009). In order to "succeed on an equal protection claim, [a plaintiff] must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was a result of intentional or purposeful discrimination." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Plaintiffs have not provided a factual basis to indicate that Zeno was treated different from others with whom he is similarly situated. Plaintiffs have stated that Rivera-Rivera used the same types of documentation as Zeno did and was granted a license, but Rivera-Rivera additionally had a pay stub from the University of Maryland. Zeno tried to use documentation from his bank to satisfy one residency requirement under COMAR 11.17.09.04; however, the regulations require a checking or savings account statement. COMAR 11.17.09.04 § E. Although the exact description of the bank document is unclear, it appears that the bank documentation was insufficient to prove residency. Thus, Zeno's license was denied, as he needed another item to prove residency. It also appears that Rivera-Rivera's pay stub is akin to a "[c]ancelled check with name and address imprinted." COMAR 11.17.09.04 § E. Therefore, the Court believes that Rivera-Rivera obtained her license because she had the requisite residency documentation— the lease and her pay stub.

Furthermore, Plaintiffs have not alleged facts indicating a disproportionate impact. Plaintiffs have conclusively alleged that Zeno was treated differently, but have not shown that similarly situated persons were treated differently. The Amended Complaint is bereft of facts showing that Defendants were acting with a purposeful, discriminatory, or racial animus. The described incident is no more than Plaintiff's disagreement with and outrage against the determinations and decisions by the named individuals. Since Plaintiffs have not pled sufficient facts for an Equal Protection Violation, nor have they pled facts alleging a different federal violation under § 1983, the § 1983 claims are dismissed.

In addition to dismissal due to Plaintiffs failure to plead sufficient and plausible facts, under the *Twombly* standard, Shaw is also entitled to qualified immunity because she is being sued in her individual capacity. Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" and requires showing that the facts alleged make out a violation of a constitutional right. *Pearson v. Callahan,* 129 S. Ct. 808, 815 (2009). Having determined that Plaintiffs have failed to plead sufficient facts to allege a violation of a constitutional right, the Court is further authorized to dismiss the complaint because Shaw benefits from qualified immunity.

II) **<u>Defendant State of Maryland's Motion to Dismiss</u>** (Doc. No. 13)

The Eleventh Amendment grants sovereign immunity to states against suit brought directly by its citizens. *Ex Parte Young*, 209 U.S. 123, 150 (1908). The State may be sued, however, if it consents to the litigation or expressly waives immunity. *Alden v. Me.,* 527 U.S. 706, 716, 725 (1999). Plaintiff has alleged general State constitutional and tort claims against Maryland, and under common law, sovereign immunity applies. *Ford v. Balt. City Sheriff's*

*Office*, 814 A.2d 127 (Md. Ct. Spec. App. 2002). However, the State of Maryland has expressly waived immunity under the Maryland Tort Claims Act ("MTCA"). Md. Code Ann., State Gov't Art. §§ 12-101, et. seq., provided that Plaintiffs must first "submit[] a written claim to the Treasurer or a designee of the Treasurer within 1 year after the injury to person or property that is the basis of the claim." Md. Code Ann., State Gov't Art. § 12-106(b)(1). As a condition precedent, a claim must be submitted before a suit is filed. *Simpson v. Moore,* 592 A.2d 1090, 1094-96 (Md. 1991). According to the Motion to Dismiss, Plaintiffs never filed a claim with the Treasurer. Therefore, assuming arguendo that Plaintiffs could make out constitutional and tort claims against the State of Maryland, the Court is compelled to dismiss those claims because the State of Maryland has retained its sovereign immunity.

III) **Jurisdiction**

In order to invoke the jurisdiction of the federal courts, Plaintiffs must either allege diversity of citizenship or claims invoking a federal question. 28 U.S.C. §§ 1331, 1332 (2006). Plaintiffs invoke this Court's jurisdiction upon a federal question due to alleged constitutional violations under 42 U.S.C. § 1983. Having determined that Plaintiffs' § 1983 claims against the state officials acting in their individual capacities should be dismissed,[5] the Court declines to exercise its supplemental jurisdiction over any state claims against the individual defendants. *See* 28 U.S.C. § 1367(c). These claims are, therefore, dismissed under Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. 1367(c)

IV) **Defendant MVA's Motion to Dismiss** (Doc. No. 12)

The Fourth Circuit has held that when a plaintiff does not include claims against a party in their amended complaint, this removes the need for a motion to dismiss and moots a pending

[5] The Court has also considered Plaintiffs' Motion for Additional Time to Serve Summons (Doc. No. 18). Plaintiffs' motion is DENIED as the underlying § 1983 claim is without merit. Any extension for service in order to further litigation of the claims discussed in this Memorandum Opinion would be futile.

motion to dismiss. *Young v. City of Mt. Rainer*, 238 F.3d 567, 573 (4th Cir. 2001). Plaintiffs' Amended Complaint does not name the MVA as a party to the lawsuit. (Doc. No. 16) The Motion to Dismiss filed by the MVA is therefore denied as moot.

**CONCLUSION**

For the foregoing reasons, the State of Maryland's, and Defendant Shaw's Motions to Dismiss are **GRANTED**. The Motor Vehicle Administration's Motion to Dismiss is **DENIED AS MOOT**. Plaintiffs' Motion for Additional Time to Serve Summons, for Amendment of the Caption, and for Voluntary Dismissal is **DENIED**. A separate Order consistent with this Memorandum Opinion will follow.

November 9, 2009
Date

/s/
Alexander Williams, Jr.
United States District Judge